PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL GUERRIERO, *et al.*, ) | |
| ) | CASE NO. 4:18CV1506 |
| Plaintiffs, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| SOURCE PROVIDERS, INC., ) | **ORDER APPROVING SETTLEMENT** |
| ) | **AND FINAL JUDGMENT AND** |
| Defendant. ) | **DISMISSAL WITH PREJUDICE** |
| ) | [Resolving ECF No. 23] |

Pending before the Court is the parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice. ECF No. 23. The parties move the Court to approve their Joint Stipulation of Settlement and Release (the "Settlement Agreement") (ECF No. 23-1) resolving Plaintiff Michael Guerriero's claims filed under the federal Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201, *et seq.*) and the Ohio Minimum Fair Wages Standards Act (Ohio Rev. Code § 4111.03). For the following reasons, the Court finds that the Settlement Agreement is a fair and reasonable resolution of *bona fide* disputes under the FLSA. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982) (noting that Section 216(b) of the FLSA allows settlements when a federal district court has "scrutiniz[ed] the settlement for fairness."); *Rotuna v. W. Customer Mgmt. Grp., LLC*, No. 4:09CV1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (permitting settlement only when a *bona fide* dispute over the plaintiff's entitlement to compensation exists).

The Court finds that Plaintiff (together with opt-in Plaintiffs) and Defendant had a *bona fide* dispute. Plaintiff contends that they are hourly, nonexempt employees who worked more than forty (40) hours a week. ECF No. 1 at PageID #: 3. He argues that Defendant miscalculated and underpaid their overtime compensation. *Id.* at PageID #: 8-9. Defendant, in turn, denies it violated the FLSA or related state law. ECF No. 8. The Court concludes that the parties have legitimate disagreements over the wages owed, and have "demonstrated that the legal and factual issues presented in this action [do] not necessarily favor either side." *Rotuna*, 2010 WL 2490989, at *5.

The Court also finds that the Settlement Agreement is fair and reasonable.[1] The Court reviewed the Settlement Agreement, taking into account factors such as the risk of fraud or collusion, the complexity of the case, the expense and likely duration of litigation, and the likelihood of success on the merits. *Crawford v. Lexington-Fayette Urban Cty. Gov.*, No. 06-299-JBC, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008) (citing *Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). Although the Court cannot assess the likelihood of success on the merits because the case resolved early in the course of litigation, the Court concludes that all other factors weigh in favor of approving the Agreement.

---

[1] The parties do not request a fairness hearing. ECF No. 23 at PageID #: 102. Additionally, the Court is not required to hold a fairness hearing. *E.g.*, *Moore v. Ackerman Inv. Co.*, No. C 07-3058-MWB, 2009 WL 2848858, at *2 (N.D. Iowa Sept. 1, 2009) ("Section 216(b) does not expressly require a "fairness" hearing on a proposed settlement"); *Barnes v. Benzerenterprises, Inc.*, No. 607CV1754-ORL-22DAB, 2008 WL 4059839, at *1 (M.D. Fla. Aug. 27, 2008) ("[T]he Court determines that there is no need for a fairness hearing.").

Finally, the Court finds that the proposed attorneys' fees and expenses are reasonable. "A reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). Pursuant to the Settlement Agreement, Plaintiff's counsel will recover $28,584.45, amounting to $25,000.00 in fees and $3,584.45 in expenses. ECF No. 23-1 at PageID #: 117. The balance of the settlement amount, $100,303.02, will be distributed among Plaintiff and similarly-situated opt-in Plaintiffs. *Id.* at PageID #: 116-17. The Court finds that this case was resolved efficiently and expeditiously, before fees and expenses associated with motion practice and trial were incurred. Accordingly, the Court determines that $28,584.45 is a reasonable figure for fees and costs.

For these reasons, the Court approves the parties' Settlement Agreement. The Court dismisses with prejudice this action and all claims that were raised or that could have been raised in this action. Without affecting the finality of this Final Order and Judgment in any way, the Court retains continuing and exclusive jurisdiction over this action for purposes of resolving issues relating to administration, implementation, and enforcement of the Settlement Agreement.

IT IS SO ORDERED.

| | |
|---|---|
| May 17, 2019 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |